# EXHIBIT A

Silvia G. Gerges, Esq. (Bar #01622012)
**LAWRENCE & GERGES, LLC**
242 Washington Ave, Suite E
Nutley, New Jersey 07110
Ph: (973) 833-4900; Fax: (973) 378-0074
Email: info@thelgfirm.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| ANABELA ROJAS<br><br>Plaintiff,<br><br>vs.<br><br>HJ SIMS & COMPANY, INC., ARTHUR WUNDER, "JOHN DOES" 1-10 (fictitious names not known to Plaintiffs at this time), "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Anabela Rojas, hereinafter "ROJAS", residing at 35 Ralph Street, City of Belleville, County of Essex, State of New Jersey, by way of Complaint against Defendants, HJ Sims & Company, Inc., Arthur Wunder, and "JOHN DOES" 1-10 (fictitious names not known to Plaintiffs at this time) alleges:

**STATEMENT OF FACTS**:

1. At all times relevant hereto, Defendant HJ Sims & Company, Inc. (hereinafter, "HJ Sims") was a business operating at 100 Wood Ave South, City of Iselin, County of Middlesex, State of New Jersey, and along with Defendants, "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at

this time) were Plaintiff ROJAS' "employer" within the meaning of the New Jersey Law Against Discrimination and the New Jersey Family Leave Act.

2. At all times relevant hereto, Plaintiff ROJAS was an exemplary employee who met or exceeded Defendant's reasonable expectations.

3. During her employment with Defendant HJ Sims, Ms. Rohas was subjected to a sexually hostile work environment by Defendant HJ Sims' managing director Arthur Wunder.

4. Defendant Wunder harassed a number of women in the New Jersey office, including pulling one female employee by the hair and swiping a credit card through another's breasts and sitting on her lap.

5. During the course of Ms. Rojas' employment with Defendant Wunder, he made a series of crude and offensive comments to Ms. Rojas, including but not limited to asking her publicly, "Who was your first F***."

6. On or about April 2017, Defendant Wunder approached Ms. Rojas from behind in the breakroom and proceeded to straddle and grind his body against hers.

7. Ms. Rojas made the decision to report these incidents as well as the incidents involving the other women in the office to members of HJ Sims management, although she was fearful of retaliation.

8. In response, Defendant HJ Sims removed Mr. Wunder from that office but continued to mandate that Ms. Rojas communicate with him by phone and email.

9. Plaintiff further continued to be subjected to Defendant Wunder when he frequented the office location where she worked or at company events and functions.

10. Defendant HJ Sims' mandate for Ms. Rojas to continue communication and work for Defendant Wunder made her extremely uncomfortable and undermined the seriousness of the substantiated claims she made against Defendant Wunder.

11. The mandate to continue working with and corresponding with Defendant Wunder continued until Ms. Rojas was illegally terminated.

12. Furthermore, Ms. Rojas began to experience different and negative treatment from members of management, including Mr. Jason Diamond, since reporting the sexual harassment by Defendant Wunder.

13. Instead of the cordial professional treatment she received prior to her reporting the sexual harassment, Ms. Rojas was suddenly treated coldly, with only formal interactions, and was sometimes uninformed about issues that touched and concerned her job.

14. For a number of years, Ms. Rojas' schedule was full-time with the majority of hours being worked onsite and some hours being worked off-site.

15. Ms. Rojas was given this schedule as a reasonable accommodation for childcare needs.

16. In early 2019, Ms. Rojas needed some modifications to her schedule in order to assist in the care of her then ill mother.

17. On or about March/April 2019, Ms. Rojas inquired with her supervisor, John Koene, whether it would be necessary or appropriate for her to apply for leave to assist in the care of her mother.

18. Mr. Koene advised Ms. Rojas that leave was not necessary since she was able to complete her work even with the modified schedule.

19. On or about August 1, 2019, Ms. Rojas formally requested family medical leave to care for her mother, whose condition had begun to deteriorate.

20. Ms. Rojas was initially advised by Ms. Finkbeiner in HR that she is not eligible for leave.

21. Ms. Rojas then forwarded information to HR showing that she is, in fact, eligible for leave under the New Jersey Family Leave Act.

22. Ms. Rojas' family leave was ultimately granted by the State of New Jersey, Department of Labor.

23. Defendant HJ Sims then acknowledged that Ms. Rojas was eligible for the New Jersey Family Leave but simultaneously demanded that she return to work on-site full time or be terminated.

24. Defendant HJ Sims provided no reasonable basis for why Plaintiff Rojas could not continue working the schedule wherein she would work some hours off-site, which Plaintiff Rojas had maintained since 2016.

25. Defendant HJ Sims then terminated Plaintiff Rojas while she was still on her protected leave.

## COUNT I (TERMINATION IN VIOLATION OF THE NEW JERSEY FAMILY LEAVE ACT)

1. The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth at length herein.

2. On or about August 1, 2019, Plaintiff formally requested leave for the purpose of caring for her ill mother.

3. Plaintiff's mother was her "parent" within the meaning of the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq.

4. Plaintiff had worked for Defendants over 18 years at the time of her requested leave, and had worked for more than 1000 hours in the 12 months preceding her request for leave.

5. In spite of this, Plaintiff's request for leave was initially denied, and she was forced to contest it before she could exercise her right to take time off to care for her mother.

6. On or about September 27, 2019, Defendants terminated Plaintiff from her position effective October 12, 2019, while Plaintiff was still on protected leave.

7. Defendants further terminated Plaintiff before the expiration of her protected leave.

8. Plaintiff alleges and asserts that her leave was protected pursuant to the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq. and the

Defendants' termination of her position while she was still on protected leave was unlawful in violation of N.J.A.C. §14-1.15.

**WHEREFORE**, Plaintiff ROJAS demands judgment against Defendants, HJ SIMS & COMPANY, INC., ARTHUR WUNDER, and "JOHN DOES" 1-10 (fictitious names not know to Plaintiffs at this time), and "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) for:

A. equitable relief;

B. back pay;

C. front Pay;

D. loss of benefits;

E. compensatory damages;

F. punitive damages;

G. enhanced attorneys' fees and costs as permitted by law;

H. civil penalties as prescribed by law;

I. interest; and,

J. such other relief as the Court may deem proper.

## COUNT II (TERMINATION IN RETALIATION FOR SEEKING LEAVE IN VIOLATION OF THE NEW JERSEY FAMILY LEAVE ACT)

1. The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth at length herein.

2. On or about August 1, 2019, Plaintiff formally requested leave for the purpose of caring for her ill mother.

3. Plaintiff's mother was her "parent" within the meaning of the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq.

4. Plaintiff had worked for Defendants over 18 years at the time of her requested leave, and had worked for more than 1000 hours in the 12 months preceding her request for leave.

5. In spite of this, Plaintiff's request for leave was initially denied, and she was forced to contest it before she could exercise her right to take time off to care for her mother.

6. On or about September 27, 2019, Defendants terminated Plaintiff from her position effective October 12, 2019, while Plaintiff was still on protected leave.

7. Prior to Plaintiff's leave, she worked a full-time schedule with some hours worked off-site.

8. After her formal request for protected leave under the New Jersey Family Leave Act, Defendant HJ Sims demanded that Plaintiff's previously approved schedule be changed, requiring she work all hours on-site.

9. Defendant knew Plaintiff could not work all hours on-site and had requested and was granted an accommodation in that regard since 2016.

10. Plaintiff alleges and asserts that her leave was protected pursuant to the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq.

11. In retaliation for Plaintiff seeking protected leave, Defendant changed the terms of Plaintiff's employment, took away her previously approved accommodation, and terminated her.

12. The Defendants' termination of Plaintiff's position in retaliation for her seeking protected leave was unlawful in violation of N.J.A.C. §14-1.15.

**WHEREFORE**, Plaintiff ROJAS demands judgment against Defendants, HJ SIMS & COMPANY, INC., ARTHUR WUNDER, and "JOHN DOES" 1-10 (fictitious names not know to Plaintiffs at this time), "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) for:

A. equitable relief;

B. back pay;

C. front Pay;

D. loss of benefits;

E. compensatory damages;

F. punitive damages;

G. enhanced attorneys' fees and costs as permitted by law;

H. civil penalties as prescribed by law;

I. interest; and,

J. such other relief as the Court may deem proper.

## COUNT III (SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT)

1. The Plaintiff, ROJAS, repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. During the time of her employment with Defendant HJ Sims, Plaintiff ROJAS was subjected to a sexually harassment by Defendant Wunder creating a hostile work environment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et.seq.

3. Defendant HJ Sims knew or should have known that Plaintiff was being subjected to a hostile work environment and failed to take adequate curative measures.

4. As a direct and proximate result of Defendants' actions as set forth, Plaintiff has been caused to suffer humiliation, embarrassment and mental/emotional distress.

**WHEREFORE**, Plaintiff ROJAS demands judgment against Defendants, HJ SIMS & COMPANY, INC., ARTHUR WUNDER, and "JOHN DOES" 1-10 (fictitious names not know to Plaintiffs at this time), and "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) for:

A.   equitable relief;

B.   back pay;

C.   front Pay;

D.   loss of benefits;

E.   compensatory damages;

F.   punitive damages;

G.  enhanced attorneys' fees and costs as permitted by law;

H.  civil penalties as prescribed by law;

I.  interest; and,

J.  such other relief as the Court may deem proper.

## COUNT IV (RETALIATORY TERMINATION FOR REPORTING SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT)

1. The Plaintiff, ROJAS, repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. During the time of her employment with Defendant HJ Sims, Plaintiff ROJAS was subjected to a sexually harassment creating a hostile work environment due to the actions of Defendant Wunder.

3. Plaintiff reported the sexual harassment of Defendant Wunder to members of management at Defendant HJ Sims.

4. Defendant HJ Sims failed to take adequate curative measures to prevent further harassment of Plaintiff.

5. Further, Plaintiff experienced a strained relationship with management and differential treatment from the time she reported Defendant Wunder's sexual harassment until the time Plaintiff was terminated.

6. Plaintiff's reports of sexual harassment by Defendant Wunder were protected under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq.

7. The Plaintiff's reports of sexual harassment was a substantial motivating factor in Defendant's retaliatory termination of the Plaintiff's employment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq.

8. As a result of the foregoing, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, and severe mental and emotional distress.

9. Defendants' actions were willful and malicious and/or in reckless disregard of Plaintiff's rights and involved the willful participation of upper management.

**WHEREFORE**, Plaintiff ROJAS demands judgment against Defendants, HJ SIMS & COMPANY, INC., ARTHUR WUNDER, and "JOHN DOES" 1-10 (fictitious names not know to Plaintiffs at this time), and "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) for:

A. equitable relief;

B. back pay;

C. front Pay;

D. loss of benefits;

E. compensatory damages;

F. punitive damages;

G. enhanced attorneys' fees and costs as permitted by law;

H. civil penalties as prescribed by law;

I. interest; and,

J.  such other relief as the Court may deem proper.

## COUNT V (AIDING AND ABETTING BY DEFENDANT WUNDER)

1. The Plaintiff, ROJAS, repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. Defendant WUNDER aided and abetted Defendant HJ Sims and/or ABC CORPORATION (fictitious name for unknown defendant) in the creation of a sexually hostile work environment for Plaintiff in violation of the Law Against Discrimination.

3. As a direct and proximate result of Defendants' actions as set forth, Plaintiff has been caused to suffer humiliation, embarrassment and mental/emotional distress as well as incur costs for psychiatric/psychological treatment.

**WHEREFORE**, Plaintiff ROJAS demands judgment against Defendants, HJ SIMS & COMPANY, INC., ARTHUR WUNDER, and "JOHN DOES" 1-10 (fictitious names not know to Plaintiffs at this time), and "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) for:

A.  equitable relief;

B.  back pay;

C.  front Pay;

D.  loss of benefits;

E.  compensatory damages;

F.  punitive damages;

G.    enhanced attorneys' fees and costs as permitted by law;

H.    civil penalties as prescribed by law;

I.    interest; and,

J.    such other relief as the Court may deem proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Silvia G. Gerges, Esq. is hereby designated as trial counsel in this within matter.

                        **LAWRENCE & GERGES**
                        Attorneys for Plaintiff

By   _____
       Silvia G. Gerges, Esq.

DATED: August 2, 2021

## CERTIFICATION PURSUANT TO R. 4:5-1

Silvia G. Gerges, Esq., of full age, certifies in accordance with R. 4:5-1 and R. 4:4-4 (b), as follows:

The matter in controversy is not the subject of any other action pending in any court or in any proceeding, and no such action or arbitration proceeding is contemplated. Based on present knowledge there exists no additional party who should be joined in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Silvia G. Gerges, Esq.

DATED: August 2, 2021

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-005944-21**

**Case Caption:** ROJAS ANABELA VS HJ SIMS & COMPANY, I NC.
**Case Initiation Date:** 08/02/2021
**Attorney Name:** SILVIA G GERGES
**Firm Name:** LAWRENCE & GERGES LLC
**Address:** STE E 242 WASHINGTON AVE NUTLEY NJ 07110
**Phone:** 9738334900
**Name of Party:** PLAINTIFF : Rojas, Anabela
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anabela Rojas?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/02/2021                                                                                           /s/ SILVIA G GERGES
Dated                                                                                                Signed